# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-99-00652-CR

**Quincy Tyrone Doss, Appellant**

v.

**State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 984826, HONORABLE JON N. WISSER, JUDGE PRESIDING

Quincy Tyrone Doss pleaded guilty to robbery and received a sentence of twelve years in prison. He asserts by a single point of error that his counsel was ineffective for not informing him that the State offered a sentence of eight years imprisonment for a plea of guilty to the greater offense of aggravated robbery.[1] We will affirm the judgment and sentence.

An appellant alleging ineffective assistance of counsel must show (1) that his trial counsel made such serious errors that he was not functioning effectively as counsel, and (2) that the deficient performance prejudiced the defense so much that the appellant was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686-89 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The appellant must prove a claim of ineffective assistance of counsel

---

[1] Our ability to hear this appeal is not limited by *Cooper v. State*, No. 1100-99, 2001 Tex. Crim. App. Lexis 125, *10-*11 (April 4, 2001) (defendant sentenced in accord with plea agreement cannot challenge voluntariness of plea agreement). Though Doss essentially argues that his counsel's ineffectiveness rendered his plea involuntary, his appeal is not within the scope of *Cooper* because he did not agree to a sentence length. *See id*. at *1; *see also* Tex. R. App. P. 25.2(b)(3).

by a preponderance of evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). We must strongly presume that trial counsel's conduct fell within a wide range of reasonable representation. *Id.*

The only testimony on Doss's asserted error claim came at the hearing on the motion for new trial (which did not include his appellate claim among its assertions of ineffective assistance). Trial counsel testified that he discussed with Doss the State's offer of eight years for a plea to the charge of aggravated robbery; Doss testified that trial counsel did not discuss the offer of an eight-year sentence. After hearing this testimony and other evidence about trial counsel's representation, the district court stated that he thought that trial counsel did an "outstanding job" representing Doss; the court stated he had originally believed that Doss would receive thirty to forty years in prison.

Doss has not proved by a preponderance of the evidence that his trial counsel was ineffective and has not overcome the strong presumption of acceptable representation. We overrule the point of error and affirm the judgment.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   May 31, 2001

Do Not Publish

2